# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH A. CARABILLO**      : | |
| **1543 Beahm Town Road**      : | |
| **P.O. Box 43**      : | |
| **Oak Park, VA  22730**      : | |

**JOSEPH A. CARABILLO**          :
**1543 Beahm Town Road**          :
**P.O. Box 43**          :
**Oak Park, VA  22730**          :
         :
       **Plaintiff,**          :
         :     Case No. 1:04CV00970
**v.**          :     Judge Roberts
         :
**AMERICAN INTERNATIONAL**          :
**SPECIALTY LINES INSURANCE**          :
**COMPANY**          :
c/o American International Surplus          :
Lines  Agency, Inc.          :
70 Pine Street          :
New York, New York  10270          :
         :
       **Defendant.**          :
-------------------------------------------------- :
         :
**AMERICAN INTERNATIONAL**          :
**SPECIALTY LINES INSURANCE**          :
**COMPANY**          :
         :
       **Counterclaim Plaintiff,**          :
         :
**v.**          :
         :
**JOSEPH A. CARABILLO**          :
         :
       **Counterclaim Defendant.**          :
_____ :

## DEFENDANT/COUNTERCLAIM PLAINTIFF AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY'S ANSWER AND COUNTERCLAIM

NOW COMES Defendant/Counterclaim Plaintiff American International Specialty Lines

Insurance Company ("AISLIC") and, by and through its undersigned attorneys, submits herewith

its Answer to the Complaint of Plaintiff/Counterclaim Defendant Joseph A. Carabillo

("Carabillo") and asserts its Counterclaim as follows:

## ANSWER

### Parties, Jurisdiction and Venue

1.      Upon information and belief, AISLIC admits the allegations contained in

paragraph 1.

2.      AISLIC admits the allegations contained in paragraph 2.

3.      AISLIC admits the allegations contained in paragraph 3.

4.      AISLIC admits the allegations contained in paragraph 4.

5.      AISLIC admits the allegations contained in paragraph 5.

### Underlying Facts

6.      AISLIC admits the allegations contained in paragraph 6.

7.      AISLIC admits that Carabillo was employed by ULLICO, Inc. ("ULLICO")

beginning on March 2, 1987 and that his employment as ULLICO's Vice President and Chief

Legal Officer ended on May 31, 2003 when Carabillo's employment was terminated for cause.

ASLIC is without sufficient knowledge or information to admit or deny the remaining

allegations contained in paragraph 7.

8.      AISLIC admits that attached to the Complaint as "Ex. A" is a copy of the

complaint filed by Carabillo on July 18, 2003 in the United States Court for the District of

Columbia (the "Underlying Action Complaint").  To the extent Carabillo alleges statements

contained in the Underlying Action Complaint, no response is required because the language of

the pleading speaks for itself.  AISLIC denies the remaining allegations in paragraph 8.

9.      AISLIC admits that attached to the Complaint as "Ex. B" is a copy of the answer and counterclaim asserted by ULLICO in the underlying action, as amended on November 3, 2003 (the "ULLICO Underlying Action Answer and Counterclaim").  To the extent Carabillo alleges statements contained in the ULLICO Underlying Action Answer and Counterclaim, no response is required because the language of the pleading speaks for itself.  AISLIC denies the remaining allegations in paragraph 9.

10.     To the extent Carabillo alleges statements contained in the ULLICO Underlying Action Answer and Counterclaim, no response is required because the language of the pleading speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 10.

11.     AISLIC admits that attached to the Complaint as "Ex. C" is a copy of Carabillo's answer to the allegations contained in ULLICO's underlying action counterclaim (the "Carabillo Underlying Action Answer").  AISLIC denies the remaining allegations contained in paragraph 11 and affirmatively states that Carabillo admitted several of the allegations asserted in ULLICO's underlying action counterclaim.

12.     AISLIC admits that attached to the Complaint as "Ex. D" is a letter from Carabillo's counsel Keith A. Eichenholz to Mr. Theodore M. Pappas of The McLaughlin Company dated November 20, 2003.  To the extent Carabillo alleges statements contained in the November 20, 2003 letter, no response is required because the language of the letter speaks for itself.  AISLIC is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 12.

13.     AISLIC admits that attached to the Complaint as "Ex. E" is a letter from Carabillo's counsel Daniel G. Grove to Mr. Webster Hubbell of The McLaughlin Company dated December 9, 2003.  To the extent Carabillo alleges statements contained in the December

9, 2003 letter, no response is required because the language of the letter speaks for itself. AISLIC is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 13.

14.     AISLIC admits that attached to the Complaint as "Ex. F" is a letter from Carabillo's counsel Daniel G. Grove to Mr. Webster Hubbell of The McLaughlin Company dated January 7, 2004.  To the extent Carabillo alleges statements contained in the January 7, 2004 letter, no response is required because the language of the letter speaks for itself.  AISLIC is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 14.

15.     AISLIC admits that attached to the Complaint as "Ex. G" is a letter from Carabillo's counsel Daniel G. Grove to Mr. Webster Hubbell of The McLaughlin Company dated January 14, 2004.  To the extent Carabillo alleges statements contained in the January 14, 2004 letter, no response is required because the language of the letter speaks for itself.  AISLIC is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 15.

16.     AISLIC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16.

17.     AISLIC denies the allegations contained in paragraph 17 and affirmatively states that The McLaughlin Company is not an agent of AISLIC.

18.     AISLIC admits that attached to the Complaint as "Ex. H" is a letter dated February 11, 2004, sent by AIG Technical Services, Inc. ("AIG") on behalf of AISLIC to Joseph Vaccaro of ARC Excess & Surplus, LLC, which letter communicated AISLIC's coverage evaluation that AISLIC Errors and Omissions Policy No. 348-92-35 did not provide coverage for

the claims set forth in the Underlying Action Complaint.  To the extent Carabillo alleges

statements contained in the February 11, 2004 letter, no response is required because the

language of the letter speaks for itself.  AISLIC denies the remaining allegations contained in

paragraph 18.

19.     AISLIC admits that the February 11, 2004 letter from AIG to Vaccaro addressed

coverage for the claims that Carabillo asserted against ULLICO.  AISLIC further admits that

Carabillo, through counsel, had previously advised Mr. Theodore M. Pappas of The McLaughlin

Company that as of November 20, 2003 Carabillo was not seeking coverage for his action

against ULLICO for wrongfully withheld pension benefits.  AISLIC denies the remaining

allegations contained in paragraph 19.

20.     AISLIC admits that its coverage evaluation as of February 11, 2004 did not

address ULLICO's underlying action counterclaim.  To the extent Carabillo alleges statements

contained in the November 20, 2003 letter sent by Carabillo to Mr. Theodore M. Pappas of The

McLaughlin Company, no response is required because the language of the letter speaks for

itself.

21.     To the extent Carabillo alleges statements contained in the February 11, 2004

letter, no response is required because the language of the letter speaks for itself.  AISLIC denies

the remaining allegations contained in paragraph 21.

22.     To the extent Carabillo alleges statements contained in the February 11, 2004

letter, no response is required because the language of the letter speaks for itself.  AISLIC denies

the remaining allegations contained in paragraph 22.

23.     To the extent Carabillo alleges statements contained in the February 11, 2004 letter, no response is required because the language of the letter speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 23.

24.     AISLIC denies the allegations contained in paragraph 24.

25.     AISLIC admits that attached to the Complaint as "Ex. I" is a letter dated February 25, 2004 sent by AIG on behalf of AISLIC to Joseph Vaccaro of ARC Excess & Surplus, LLC, which letter communicated AISLIC's supplemental coverage evaluation that AISLIC Errors and Omissions Policy No. 348-92-35 did not provide coverage for the claims set forth in the underlying action counterclaim.  To the extent Carabillo alleges statements contained in the February 25, 2004 letter, no response is required because the language of the letter speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 25.

26.     To the extent Carabillo alleges statements contained in the February 25, 2004 letter, no response is required because the language of the letter speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 26.

27.     AISLIC denies the allegations contained in paragraph 27.

28.     AISLIC admits that attached to the Complaint as "Ex. J" is a copy of  AISLIC Policy Number 348-92-35, a Claims-Made, Insurance Company's Professional Liability Insurance Policy, for the Policy Period October 30, 2003 to October 30, 2004.  To the extent Carabillo alleges statements contained in the February 25, 2004 letter, the underlying action counterclaim and/or Policy 348-92-35 no response is required because the language of those documents speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 28.

29.     To the extent Carabillo alleges statements contained in the February 25, 2004 letter, no response is required because the language of the letter speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 29.

30.     To the extent Carabillo alleges statements contained in the February 25, 2004 letter, no response is required because the language of the letter speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 30.

31.     To the extent Carabillo alleges statements contained in the February 25, 2004 letter and/or Policy 348-92-35, no response is required because the language of those documents speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 31.

32.     To the extent Carabillo alleges statements contained in the February 25, 2004 letter, no response is required because the language of the letter speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 32.

33.     To the extent Carabillo alleges statements contained in the February 25, 2004 letter and/or Policy 348-92-35, no response is required because the language of those documents speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 33.

34.     AISLIC denies the allegations contained in paragraph 34.

35.     AISLIC denies the allegations contained in paragraph 35.

36.     AISLIC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 36.

## Claims for Relief

### Count I – Declaratory Judgment
### AISLIC Policy No. 348-92-35

37.     AISLIC admits the allegations contained in paragraph 37.

38.     AISLIC admits the allegations contained in paragraph 38.

39.     AISLIC denies the allegations contained in paragraph 39.

40.     To the extent Carabillo alleges statements contained in Policy 348-92-35, no response is required because the language of the policy speaks for itself.  AISLIC admits the remaining allegations contained in paragraph 40.

41.     To the extent Carabillo alleges statements contained in Policy 348-92-35, no response is required because the language of the policy speaks for itself.  AISLIC admits the remaining allegations contained in paragraph 41, but only to the extent that Carabillo, at all times relevant to the allegations contained in the underlying action counterclaim, acted within the scope of his duties as an Employed Lawyer (or officer, director or employee) of ULLICO.

42.     To the extent Carabillo alleges statements contained in Policy 348-92-35, no response is required because the language of the policy speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 42.

43.     To the extent Carabillo alleges statements contained in Policy 348-92-35, no response is required because the language of the policy speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 43.

44.     To the extent Carabillo alleges statements contained in Policy 348-92-35, no response is required because the language of the policy speaks for itself.

45.     The allegations set forth in paragraph 45 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

46.     The allegations set forth in paragraph 46 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a

responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

47.     The allegations set forth in paragraph 47 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

48.     The allegations set forth in paragraph 48 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

49.     The allegations set forth in paragraph 49 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

50.     The allegations set forth in paragraph 50 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

51.     The allegations set forth in paragraph 51 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

52.     AISLIC denies the allegations contained in paragraph 52.

53.     AISLIC denies the allegations contained in paragraph 53.

54.     AISLIC denies the allegations contained in paragraph 54.

55.     AISLIC denies the allegations contained in paragraph 55.

**AISLIC Policy No. 279-91-19**

56.     AISLIC admits the allegations contained in paragraph 56.

57.     To the extent Carabillo alleges statements contained in Policy 279-91-19, no response is required because the language of the policy speaks for itself.  AISLIC admits the remaining allegations contained in paragraph 57.

58.     To the extent Carabillo alleges statements contained in Policy 279-91-19, no response is required because the language of the policy speaks for itself.  AISLIC admits the remaining allegations contained in paragraph 58, but only to the extent that Carabillo, at all times relevant to the allegations contained in the underlying action counterclaim, acted within the scope of his duties as an Employed Lawyer (or officer, director or employee) of ULLICO.

59.     To the extent Carabillo alleges statements contained in Policy 279-91-19, no response is required because the language of the policy speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 59.

60.     To the extent Carabillo alleges statements contained in Policy 279-91-19, no response is required because the language of the policy speaks for itself.  AISLIC denies the remaining allegations contained in paragraph 60.

61.     To the extent Carabillo alleges statements contained in Policy 279-91-19, no response is required because the language of the policy speaks for itself.

62.     The allegations set forth in paragraph 62 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a

responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

63.     The allegations set forth in paragraph 63 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

64.     The allegations set forth in paragraph 64 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

65.     The allegations set forth in paragraph 65 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

66.     The allegations set forth in paragraph 66 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

67.     The allegations set forth in paragraph 67 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

68.     The allegations set forth in paragraph 68 state legal conclusions for which AISLIC has no duty or obligation to provide a responsive pleading.  To the extent that a responsive pleading is required, all such allegations are denied and strict proof thereof is demanded.

69.     AISLIC denies the allegations contained in paragraph 69.

70.     AISLIC denies the allegations contained in paragraph 70.

71.     AISLIC denies the allegations contained in paragraph 71.

72.     AISLIC denies the allegations contained in paragraph 72.

**Other AISLIC Policies**

73.     The allegations regarding Carabillo's potential status as an "Insured" under "other applicable AISLIC policies" state legal conclusions for which ASLIC has no duty or obligation to provide a responsive pleading.  AISLIC is without sufficient knowledge or information to admit or deny whether Carabillo received from his insurance broker copies of other AISLIC policies.

74.     The allegations that Carabillo "may be entitled to a defense and indemnity from AISLIC … under other applicable AISLIC policies" state legal conclusions for which ASLIC has no duty or obligation to provide a responsive pleading.  AISLIC is without sufficient knowledge or information to admit or deny whether Carabillo received from his insurance broker copies of other AISLIC policies.

**Count II – Bad Faith**

75.     AISLIC denies the allegations contained in paragraph 75.

76.     AISLIC denies the allegations contained in paragraph 76.

77.     AISLIC denies the allegations contained in paragraph 77.

78.     AISLIC denies the allegations contained in paragraph 78.

79.     AISLIC denies the allegations contained in paragraph 79.

80.     AISLIC denies the allegations contained in paragraph 80.

81.     AISLIC denies each and every allegation contained in the Complaint not hereinbefore specifically admitted, controverted or denied.

82.     AISLIC denies that Carabillo is entitled to any or all of the relief set forth under the section of his Complaint with the heading "Prayer for Relief."

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

83.     The Complaint, including each and every purported cause of action therein, fails to state a cause of action upon which relief may be granted against AISLIC.

### SECOND AFFIRMATIVE DEFENSE

84.     The Complaint should be dismissed for failure to join necessary and indispensable parties to these proceedings.

### THIRD AFFIRMATIVE DEFENSE

85.     The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

86.     The Complaint is barred, in whole or in part, by the offset of Plaintiff's applicable insurance policies.

### FIFTH AFFIRMATIVE DEFENSE

87.     The Complaint is barred by the "insured v. insured" policy exclusion contained in Exclusion (f) of AISLIC Policy Nos. 348-92-35 and 279-91-19, as amended and as

supplemented, which exclusionary provisions preclude coverage for the underlying action counterclaims asserted against Carabillo.

## SIXTH AFFIRMATIVE DEFENSE

88.     The Complaint is barred by the policy exclusions contained in EPL-a) and EPL-c) of Endorsement No. 6 to AISLIC Policy Nos. 348-92-35 and 279-91-19, which exclusionary provisions preclude coverage for the underlying action counterclaims asserted against Carabillo.

## SEVENTH AFFIRMATIVE DEFENSE

89.     The Complaint is barred, in whole or in part, by the policy exclusion contained in Exclusion (o) to AISLIC Policy Nos. 348-92-35 and 279-91-19, as amended, which exclusionary provisions preclude coverage for the underlying action counterclaims that assert ERISA-related violations by Carabillo.

## EIGHTH AFFIRMATIVE DEFENSE

90.     The Complaint is barred, in whole or in part, by the policy exclusion contained in Exclusion (q) to AISLIC Policy Nos. 348-92-35 and 279-91-19, as amended, which exclusionary provisions preclude coverage for the underlying action counterclaims that assert ERISA-related violations by Carabillo.

## NINTH AFFIRMATIVE DEFENSE

91.     The Complaint is barred because Carabillo acted outside of the scope of his duties as an officer, employee and/or Employed Lawyer of ULLICO and is therefore not an "Insured" entitled to coverage under AISLIC Policy Nos. 348-92-35 and 279-91-19.

### TENTH AFFIRMATIVE DEFENSE

92.     The Complaint is barred because at the time Carabillo provided notice of his

claim under AISLIC Policy Nos. 348-92-35 and 279-91-19 he was not an "Insured" under the

policy(ies) and therefore not entitled to coverage.

### ELEVENTH AFFIRMATIVE DEFENSE

93.     The Complaint is barred because the underlying action counterclaims asserted

against Carabillo do not allege Wrongful Acts by Carabillo in his rendering or failure to render

professional services as a lawyer, and therefore are not claims that are insured under the Insuring

Agreements contained in AISLIC Policy Nos. 348-92-35 and 279-91-19.

### TWELFTH AFFIRMATIVE DEFENSE

94.     The Complaint is barred, in whole or in part, because of Plaintiff's failure to

satisfy the Retention conditions of AISLIC Policy Nos. 248-92-35 and 279-91-19.

### THIRTEENTH AFFIRMATIVE DEFENSE

95.     The Complaint is barred to the extent it seeks a defense or indemnity under the

expired AISLIC Policy No. 279-91-19.

### FOURTEENTH AFFIRMATIVE DEFENSE

96.     To the extent discovery may reveal them to be appropriate, AISLIC reserves the

right to pursue the defenses of waiver, applicable statute of limitations, estoppel, laches, release,

accord and satisfaction, and statute of frauds.

### <u>COUNTERCLAIM</u>

1.     Counterclaim Plaintiff American International Specialty Lines Insurance

Company asserts the following counterclaim against Plaintiff/Counterclaim Defendant Joseph A.

Carabillo, seeking a declaratory judgment that Carabillo is not entitled to coverage for the claims

asserted against him in Civil Action No. 1:03CV01556 in the United States District Court of the

District of Columbia pursuant to the clear and unambiguous terms, conditions and applicable

exclusions of AISLIC Policy Nos. 348-92-35 and 279-91-19.

## Jurisdiction and Venue

2.      This Court has jurisdiction pursuant to Fed. R. Civ. P. 13, 28 U.S.C. § 1332(a)

and 28 U.S.C. §§ 2201, 2202.  The amount in controversy exceeds, exclusive of interest and

costs, the sum of $75,000.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), in that the policy at

issued was negotiated and a substantial part of the events giving rise to the claim occurred in the

District of Columbia.

## Parties

4.      Counterclaim Plaintiff American International Specialty Lines Insurance

Company ("AISLIC") is a corporation incorporated under the laws of the State of Alaska, with

its principal place of business in the State of New York.  AISLIC does business in the District of

Columbia.

5.      Upon information and belief, Counterclaim Defendant Joseph A. Carabillo

("Carabillo") is a citizen of the Commonwealth of Virginia.  Until his employment was

terminated for cause on May 31, 2003, Carabillo was, upon information and belief, an officer,

employee and Employed Lawyer (as that term is defined in Endorsement No. 6 of AISLIC

Policy Nos. 348-92-35 and 279-91-19) of ULLICO, Inc. ("ULLICO").  To the extent, and only

to the extent, that he acted within the scope of his duties as an officer, employee and/or

Employed Lawyer of ULLICO, Carabillo was at all times relevant to the claims asserted against

him in the underlying action counterclaim an Insured under AISLIC Policy Number 348-92-35.

## Underlying Facts

### The Underlying Action

6.      At all times relevant, ULLICO, Inc., a corporation formed under the laws of the State of Maryland with its principal place of business in the District of Columbia, and ULLICO's Subsidiaries, were the "Named Insured" under AISLIC Policy 348-92-35 (the "Policy 348-92-35" or the "Policy").

7.      On July 18, 2003, Carabillo filed Civil Action No. 1:03CV01556 in the United States District Court of the District of Columbia, asserting claims against ULLICO for ERISA violations, breach of contract, and wrongful termination, and seeking compensatory and punitive damages, and other relief.  *Complaint*, Ex. A.

8.      ULLICO and four other parties responded by filing an Answer and Counterclaim on October 17, 2003 (amended on November 3, 2003), asserting claims against Carabillo for breach of fiduciary duty, aiding and abetting breaches of fiduciary duty, unjust enrichment, professional negligence, and seeking a declaratory judgment that Carabillo is not entitled to receive any benefits payable under ERISA.  *Complaint*, Ex. B.

9.      The additional Counterclaim Plaintiffs who joined ULLICO in bringing its Counterclaim included the following:  The Union Labor Life Insurance Company, ULLICO Inc. Non-Qualified Deferred Compensation Plan, Union Labor Life Auxiliary Retirement Benefits Plan, and Mark Singleton, ULLICO's CFO and employee benefits plan administrator.  *Id.*

10.      Counterclaim Plaintiff, The Union Labor Life Insurance Company was formed in 1925 and is a wholly-owned subsidiary of ULLICO.

11.      Counterclaim Plaintiff, ULLICO Inc. Non-Qualified Deferred Compensation Plan (the "Deferred Compensation Plan") was established as of August 1, 1998 by ULLICO.  The

Deferred Compensation Plan, an employee benefits plan, is a business enterprise affiliated with ULLICO and its Subsidiaries and is owned, managed and/or controlled, directly or indirectly, in whole or in part, by ULLICO, its Subsidiaries and/or its employees.  *Id.* at ¶ 5.

12.     Counterclaim Plaintiff Union Labor Life Auxiliary Retirement Benefits Plan (the "Auxiliary Retirement Plan") was established as of January 1, 1983 by The Union Labor Life Insurance Company.  The Auxiliary Retirement Plan, an employee benefits plan, is a business enterprise affiliated with ULLICO and its Subsidiaries and is owned, managed and/or controlled, directly or indirectly, in whole or in part, by ULLICO, its Subsidiaries and/or its employees.  *Id.* at ¶ 6.

13.     Counterclaim Plaintiff Mark Singleton is ULLICO's Chief Financial Officer and serves as a Plan Administrator for the Deferred Compensation and Auxiliary Retirement Plans. *Id.* at ¶ 7.

Policy 348-92-35

14.     Policy 348-92-35 is an Insurance Company's Professional Liability Insurance Policy that provides insurance coverage to, *inter alia*, ULLICO and its Subsidiaries, employees, officers and directors from liability incurred in connection with the provision of insurance-related services for the Policy Period October 30, 2003 to October 30, 2004.  *Complaint*, Exh. J

15.     Policy 348-92-35 is a "Claims-Made" policy that provides coverage for only those claims that are first made against the insured and reported in writing to AISLIC while the policy is in force.  *Complaint*, Exh. J

16.     Policy 348-92-35 has a $5 million limit of liability for each Wrongful Act or series of continuous, repeated or interrelated Wrongful Acts, and in the aggregate.  *Complaint*, Exh. J

17.     Policy 348-92-35 provides for a $500,000 Retention for each covered "Wrongful Act or series of continuous, repeated or interrelated Wrongful Acts," which requires the Insured to bear the first $500,000 in costs resulting from "settlement or satisfaction of claims, judgments, or awards, Defense Costs, Charges and Expenses, which costs 'remain uninsured.'" *Complaint*, Exh. J.

18.     Policy 348-92-35 provides that "[a]ll notices of claims, applications, demands or requests provided for in this policy shall be in writing and addressed to A.I Management and Professional Liability Claims Adjusters, P.O. Box 1000 New York, NY 10268."

19.     Upon information and belief, Carabillo neither has satisfied the $500,000 Retention condition nor himself addressed any written correspondence to A.I Management and Professional Liability Claims Adjusters, P.O. Box 1000 New York, NY 10268 as required under the Policy.

<u>The Policy's Insureds</u>

20.     The Named Insured under Policy 348-92-35 is "ULLICO, INC. AND SUBSIDIARIES". *Complaint*, Exh. J (Declarations Item 1).

21.     Also included within the definition of "Insured" under Policy 348-92-35 are:

A.     the entity or entities named in item 1 of the Declarations;

B.     any past, present, or future director, officer or employee of any entity named in Item 1 of the Declarations, while acting within the scope of their duties as such.

*Id.* (Definition 1).

22.     The definition of "Insured" under Policy 348-92-35 was amended, solely with respect to coverage granted by Endorsement No. 6 to the Policy (Employed Lawyer Endorsement), to include "any person admitted to practice law who is, was, or becomes

employed as a lawyer full time and salaried by the Named Insured, [herein referred to as an

'Employed Lawyer']."

The Policy's Insuring Agreement

23.    Insuring Agreements contained in Policy 348-92-35 provide, in relevant part, that

AISLIC will provide coverage for an Insured's Professional Liability, "subject to the … terms,

conditions and exclusions contained [in the Policy]," and thus agrees to:

> … pay on behalf of the Insured all sums which the Insured shall
> become legally obligated to pay as damages resulting from any
> claim or claims first made against the Insured and reported in
> writing to the Company during the Policy Period for any Wrongful
> Act of the Insured or of any other person for whose actions the
> Insured is legally responsible, but only if such Wrongful Act
> occurs prior to the end of the Policy Period and occurs solely in the
> rendering of or failure to render Professional Service.

*Id.* (Insuring Agreement 1).

24.    Policy 348-92-35 defines "Wrongful Act" to mean "any breach of duty, neglect,

error, misstatement, misleading statement, omission or other act done or wrongfully attempted.

*Id.* (Definition 7).  The Policy further defines "Professional Service" to mean

> services rendered or required to be rendered solely in the conduct
> of the Insured's claims handling and adjusting, risk management,
> safety engineering, safety Inspections and loss control operations,
> personal injury rehabilitation operations, salvage operations,
> recovery subrogation services, premium financing operations,
> insurance consulting, or actuarial consulting services.

*Id.* (Definition 5).

25.    Subject to the same conditions, terms and exclusions that limit coverage under

Insuring Agreement 1, Insuring Agreement 2 provides that AISLIC will "pay on behalf of the

Insured Defense Costs, Charges and Expenses" for any Wrongful Act covered by Insuring

Agreement 1.   *Id.* (Insuring Agreement 2).

26.     Endorsement No. 6 (Employed Lawyer Endorsement) amends the Policy's

Insuring Agreements by providing that, "solely as respects coverage under this endorsement [No.

6]" and "subject to the terms, conditions and exclusions of the Policy and this endorsement [No.

6]" AISLIC will,

> … pay on behalf of the Employed Lawyer all sums which the
> Employed Lawyer shall become legally obligated to pay as
> damages because of any claim … first made against the Employed
> Lawyer and reported in writing to the Company during the Policy
> Period, arising out of any Wrongful Act of the Employed Lawyer
> in rendering or failing to render professional services as a lawyer
> …

*Id.* (Endorsement No. 6 at 1(a)).

27.     Subject to the same conditions, terms and exclusions that limit coverage under

Endorsement No. 6's Insuring Agreement 1(a), Endorsement No. 6's Insuring Agreement 1(b)

provides that AISLIC will,

> … pay on behalf of the Named Insured all sums which the Named
> Insured may be required or permitted by law to indemnify an
> Employed Lawyer for any sum which the Employed Lawyer
> becomes legally obligated to pay as Defense Costs, Charges and
> Expenses or damages because of any claim … first made against
> the Employed Lawyer and reported in writing to the Company
> during the Policy Period arising out of any Wrongful Act of the
> Employed Lawyer in rendering or failing to render professional
> services as a lawyer while acting in the course of the said
> Employed Lawyer's employment by the Named Insured.

*Id.* (Endorsement No. 6 at 1(b)).

### The Policy's "Insured v. Insured" Exclusions

28.     In the section entitled "EXCLUSIONS," Policy 348-92-35 explicitly provides that

"the policy does not apply: … (f) to any claim brought by one Insured under this policy against

another Insured under this policy."   *Id.* (Exclusion (f)).

29.     The "insured v. insured" exclusion found in (f) of the Exclusions section of Policy

348-92-35 was "deleted in its entirety" and "replaced" by a new section (f) set forth in

Endorsement No. 4, which excludes coverage for any claim

> brought by or on behalf of any Insured, or its successors or assigns,
> against any other Insured or by or on the behalf of any business
> enterprise which is operated or managed or owned, directly or
> indirectly, in whole or in part by any Insured; however, this
> exclusion shall not apply to claims brought against the Named
> Insured by any Additional Insured under the policy, provided that
> the claim is otherwise covered by the policy terms and conditions.

*Id.* (Endorsement No. 4 and Exclusion (f)) (the "Insured v. Insured Exclusion")

30.     The Employed Lawyers Endorsement supplemented the "Insured v. Insured"

Exclusion contained in Policy 348-92-35 by amending the Policy's Exclusions by "including the

following at the end thereof:  This policy does not apply:"

> EPL-a) to any claim made by one Employed Lawyer against
> another, or made by or on behalf of the Named Insured or
> an Affiliate of the Named Insured or the Employed Lawyer,
> or partnerships or joint ventures in which the Employed
> Lawyer or the Named Insured or any Affiliate of the
> Employed Lawyer or the Named Insured is a partner or
> member, or by predecessor firms, or corporations that were
> merged with or acquired by the Named Insured or any of its
> Affiliates or by any insurer as subrogee of any of them….

*Id.* (Endorsement No. 6 at 6).

31.     In addition, Endorsement No. 6 (Employed Lawyers Endorsement) amends the

DEFINITIONS section of Policy 348-92-35 by "adding at the end thereof" definitions for the

words "Affiliate," "Control," and "Person."  *Id.* (Endorsement No. 6 at 4).

32.     At Endorsement No. 6, EPL-1, Policy 348-92-35 defines "Affiliate" (to include

the terms an affiliate of, or a person affiliated with, a specified person) to mean "a Person that

directly, or indirectly through one or more intermediaries, Controls or is controlled by, or is

under common control with the person specified." *Id.*

33.     At Endorsement No. 6, EPL-2, Policy 348-92-35 defines "Control" (to include the terms controlling, controlled by and under common control with) to mean "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." *Id.*

34.     At Endorsement No. 6, EPL-3, Policy 348-92-35 defines "Person" to mean "an individual, a corporation, a partnership, an association, a joint stock company, a trust, or any unincorporated organization." *Id.*

35.     In addition, the Employed Lawyers Endorsement provides that, except for the terms, conditions and exclusions amended therein, "ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED." *Id.*

The Policy's ERISA Exclusions

36.     Policy 348-92-35 excludes coverage for

> any claim made against any insured for violation of any of the responsibilities, obligations or duties imposed upon fiduciaries by the Employee Retirement Income Security Act of 1974 or amendments thereto or any similar provisions of state statutory or common law or any other law.

*Id.* (Exclusion (o)).

37.     Endorsement No. 1 to Policy 348-92-35 (Third Party Administration Professional Services Endorsement) defines Third Party Administration Services to include "acting as an administrator of pension plans…." *Id.* (Endorsement No. 1 at 2A1(i)).

38.     Endorsement No. 1, "solely with respect to coverage for Third Party Administration Services," deletes Exclusion (o) and replaces it with a new Exclusion (o) specifying that the policy will not apply:

> to any claim arising out of the breach of fiduciary duty, responsibility  or obligation of the Insured in connection with any "employee pension benefit plan" and/or "employee welfare benefit

plan" as those terms are defined in the Employee Retirement
Income Security Act of 1974 (more commonly referred to as
ERISA) and its amendments, or any regulation or order issued
pursuant thereto, or any similar provisions of any state or federal
statutory law or common law; however, this exclusion shall apply
to such plans only if they are established solely for the benefit of
employees of (i) the first named Insured; or (ii) any employer
affiliated with the first named Insured through common majority
ownership or control, and their beneficiaries.

*Id.* (Endorsement No. 1 at 3(o)).

<u>The Policy's Other Relevant Exclusions</u>

39.     Policy 348-92-35 provides that coverage will not apply "to any claim arising out

of or connected with the performance of or failure to perform services for any person or entity

which is owned by or controlled by any Insured, or which owns or controls any insured, or which

is affiliated with any Insured through any common ownership or control." *Id.* (Exclusion q)

40.     The Policy's Endorsement No. 6 (Employed Lawyer Endorsement) provides at

EPL-c) that coverage will not apply to "any claim arising out of any activities by an Employed

Lawyer as an officer or director of any corporation; provided, however, this exclusion shall not

apply to rendering or failing to render professional services as a lawyer." *Id.* (Endorsement No.

6 at 6, EPL-c)).

<u>AISLIC Policy No. 279-91-19</u>

41.     AISLIC Policy No. 279-91-19 is an Insurance Company's Professional Liability

Insurance policy with a Policy Period of October 30, 2002 to October 30, 2003.  *Complaint*, Ex.

K (Policy Period) (hereinafter referred to as "Policy 279-91-19").

42.     Policy 279-91-19 was replaced by Policy 348-92-35.  *Complaint*, Ex. J.

43.     In all relevant respects, Policy 279-91-19 is substantively identical to and a

duplicate of Policy 348-92-35.  *Compare Complaint*, Ex. J *with* Ex. K.

44.     As of November 20, 2003, the date Carabillo alleges that he delivered his "Notice of Claim" to Mr. Theodore M. Pappas of The McLaughlin Company, notifying his insurance broker that ULLICO had filed a counterclaim in the underlying action, Policy 279-91-19 was no longer in effect and had in fact been replaced by Policy 348-92-35.   *Complaint*, Exh. K.

### COUNTERCLAIM I – DECLARATORY JUDGMENT
**Policy 348-92-35**

45.     AISLIC incorporates herein by reference and makes a part hereof its allegations set forth in paragraphs 1 through 44.

46.     According to Carabillo's own allegations, "Carabillo was an Employed Lawyer of ULLICO and therefore qualifies as an 'Insured' under AISLIC Policy No. 348-92-35." *Complaint*, ¶ 41.

47.     According to Carabillo's own allegations, "ULLICO, Carabillo's former employer, is the first named insured on AISLIC Policy No. 348-92-35, the effective dates of which are October 30, 2003 to October 30, 2004." *Complaint*, ¶ 38.

48.     Counterclaim Plaintiff The Union Labor Life Insurance Company, as a wholly owned subsidiary of ULLICO, is an Insured under the Policy. *Complaint*, Exh. J ("Named Insured: *ULLICO, INC. AND SUBSIDIARIES*").

49.     Counterclaim Plaintiff ULLICO Inc. Non-Qualified Deferred Compensation Plan is an employee benefits plan and, thus, a business enterprise affiliated with ULLICO and its Subsidiaries which is owned, managed and/or controlled, directly or indirectly, in whole or in part, by ULLICO, its Subsidiaries and/or its employees.

50.     Counterclaim Plaintiff Union Labor Life Auxiliary Retirement Benefits Plan is an employee benefits plan and, thus, a business enterprise affiliated with ULLICO and its

Subsidiaries which is owned, managed and/or controlled, directly or indirectly, in whole or in part, by ULLICO, its Subsidiaries and/or its employees.

51.     Counterclaim Plaintiff Mark Singleton, as ULLICO's Chief Financial Officer and Plan Administrator for the Deferred Compensation and Auxiliary Retirement Plans, is an Insured under Policy 348-92-35.

52.     Because all of the underlying action counterclaims asserted against Carabillo, a putative Insured as an Employed Lawyer under the Policy, are claims "brought by or on behalf of any Insured, or its successors or assigns, against any other Insured or by or on the behalf of any business enterprise which is controlled or managed or owned, directly or indirectly, in whole or in part by the Insured," the Policy's Exclusion (f) operates to exclude coverage for all such counterclaims.

53.     Because all underlying action counterclaims asserted against Carabillo, a putative Insured as an Employed Lawyer under the Policy, are claims "made by or on behalf of the Named Insured or an Affiliate of the Named Insured or the Employed Lawyer," the Policy's Exclusion EPL-a) operates to exclude coverage for all such counterclaims.

54.     Even if the Policy's Exclusions (f) and/or EPL-a) do not operate to exclude coverage for all such counterclaims, Policy 348-92-35 provides no coverage for the underlying action counterclaims for the additional following reasons:

     a)     Because some or all of the underlying action counterclaims asserted against Carabillo arise out of his breaches of fiduciary duties, responsibilities and/or obligations in connection with the Deferred Compensation Plan and the Auxiliary Retirement Plan, which plans are established solely for the benefit of the employees of

ULLICO and its Subsidiaries, the Policy's Exclusion (o) operates to exclude coverage for some or all of such counterclaims.

    b)    Because some or all of the underlying action counterclaims asserted against Carabillo arise out of his performance of or failure to perform services for ULLICO, Inc., The Union Labor Life Insurance Company, the Deferred Compensation Plan and/or the Auxiliary Retirement Plan, the Policy's Exclusion (q) operates to exclude coverage for some or all of such counterclaims.

    c)    Because some or all of the underlying action counterclaims asserted against Carabillo arise out of his activities as an officer of ULLICO and/or its Subsidiaries, the Policy's Exclusion EPL-c) operates to exclude coverage for some or all of such counterclaims.

55.    Despite the applicability of Exclusions (f), EPL-a), (o), (q) and EPL-c), Carabillo claims that he is entitled to both a defense and indemnity for the underlying action counterclaims under Policy 348-92-35.

56.    AISLIC does not owe Carabillo a defense under Policy 348-92-35 for the underlying action counterclaims asserted against him by ULLICO, *et al.*

57.    AISLIC does not owe Carabillo indemnity under Policy 348-92-35 for the underlying action counterclaims asserted against him by ULLICO, *et al*.

58.    There is an actual, justiciable controversy between the parties, ripe for adjudication.

59.    As a result of the status of the parties in the underlying action counterclaim, and in light of the clear and unambiguous language of Policy 348-92-35, AISLIC is entitled to a declaration that Counterclaim Defendant Carabillo is not entitled to either a defense or indemnity

under the Policy for the claims made against him in the underlying action counterclaim by

ULLICO *et al.*

## COUNTERCLAIM II – DECLARATORY JUDGMENT
### Policy 279-91-19

60.     AISLIC incorporates herein by reference and makes a part hereof its allegations

set forth in paragraphs 1 through 59.

61.     Policy 279-91-19 was replaced by Policy 348-92-35.  *Complaint*, Exh. J

("REPLACEMENT OF POLICY NUMBER:  279-91-19").

62.     Policy 279-91-19 was a Claims-Made policy with a Policy Period of October 30,

2002 to October 30, 2003, and provided liability coverage "for only those claims that are first

made against the insured and reported in writing to [AISLIC] while the policy is in force."

*Complaint*, Exh. K.

63.     According to Carabillo's own allegations, ULLICO's amended Answer and

Counterclaim was filed on November 3, 2003.  *Complaint*, ¶ 9.

64.     According to Carabillo's own allegations, Carabillo first provided notice of the

ULLICO Counterclaim to The McLaughlin Company, ULLICO's broker, by letter dated

November 20, 2003.  *Complaint*, ¶ 12.

65.     Because Policy 279-91-19 (with a Policy Period of October 30, 2002 to October

30, 2003) was no longer in effect at the time the ULLICO Counterclaim was asserted on

November 3, 2003, and had long-since expired by the time Carabillo's insurance broker provided

AISLIC with notice of the underlying action counterclaim (after November 20, 2003, at which

time Carabillo erroneously provided "notice" to ULLICO's broker, The McLaughlin Company),

the policy – by its own terms – cannot provide coverage for the underlying action counterclaims

asserted against Carabillo.

66.     Despite Carabillo's failure to provide AISLIC notice of the underlying action counterclaims asserted against him during the Policy Period ending October 30, 2003, as required by Policy 279-91-19, and despite his admission that he sent notice of the underlying action counterclaims asserted against him to his insurance broker, not AISLIC, twenty-one days after Policy 279-91-19 had expired, Carabillo claims that he is entitled to both a defense and indemnity for the underlying action counterclaims under Policy 279-91-19.

67.     There is an actual, justiciable controversy between the parties, ripe for adjudication.

68.     As a result of Carabillo's admission regarding the date and method of providing notice of the underlying action counterclaims, and in light of the clear and unambiguous language of Policy 279-91-19, AISLIC is entitled to a declaration that Counterclaim Defendant Carabillo is not entitled to either a defense or indemnity under Policy 279-91-19 for the claims made against him in the underlying action counterclaim by ULLICO *et al.*

## PRAYER FOR RELIEF

WHEREFORE, American International Specialty Lines Insurance Company prays that the Court grant it the following relief:

a.     an Order declaring that Carabillo is not entitled to coverage under Policy 348-92-35 for a defense or indemnification in connection with the underlying action counterclaims brought by ULLICO *et al.*;

b.     an Order declaring that Carabillo is not entitled to coverage under Policy 279-91-19 for a defense or indemnification in connection with the underlying action  counterclaims brought by ULLICO *et al*;

      c.      an Order that Carabillo reimburse AISLIC for the costs, charges and expenses associated with defending against Carabillo's Complaint;

      d.      pre- and post-judgment interest; and

      e.      any such other relief as this Court deems appropriate under these facts.

Dated:  August 20, 2004

Respectfully submitted,

**PATTON BOGGS LLP**

By: _____
/s/

Michael E. Klein
Eric A. Kuwana
Shannon W. Conway
2550 M Street, N.W.
Washington, D.C.  20037
Telephone:  (202) 457-6000
Facsimile:   (202) 457-6315

*Counsel for Defendant/Counterclaim
Plaintiff American International Specialty
Lines Insurance Company*