UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. CARABILLO, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> AMERICAN INTERNATIONAL : <br> SPECIALTY LINES INSURANCE : <br> COMPANY, : <br> : <br> Defendant. : <br> _____: <br> : <br> AMERICAN INTERNATIONAL : <br> SPECIALTY LINES INSURANCE : <br> COMPANY, : <br> : <br> Counterclaim Plaintiff, : <br> : <br> v. : <br> : <br> JOSEPH A. CARABILLO, : <br> : <br> Counterclaim Defendant. : | Case No. 1:04CV00970 <br> Judge: Richard W. Roberts |

**ANSWER OF PLAINTIFF/COUNTERCLAIM DEFENDANT
JOSEPH A. CARABILLO TO THE COUNTERCLAIM OF
DEFENDANT/COUNTERCLAIM PLAINTIFF AMERICAN
<u>INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY</u>**

Now comes the Plaintiff/Counterclaim Defendant, Joseph A. Carabillo ("Carabillo"), by and through counsel, reasserting the allegations in his Complaint against American International Specialty Lines Insurance Company ("AISLIC"), and in response to the Counterclaim of the Defendant/Counterclaim Plaintiff, AISLIC, states as follows:

{S0306585.1}885307

1. AISLIC's Counterclaim fails to state a claim upon which relief can be granted and must be dismissed.

2. Paragraph 1 of AISLIC's Counterclaim is a characterization of AISLIC's claims and contains no allegation of fact to which a response is required.

3. In response to paragraph 2, Carabillo admits that this Court has jurisdiction pursuant to Fed. R. Civ. P. 13, 28 U.S.C. § 1332(a) and 28 U.S.C. §§ 2201-2202 and that the amount in controversy, exclusive of interest, exceeds the sum of $75,000.

4. In response to paragraph 3, Carabillo admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

5. To the best of his information and belief, Carabillo states that the allegations of paragraph 4 are true.

6. In response to paragraph 5, Carabillo admits that he is a citizen of the Commonwealth of Virginia. Carabillo admits that he was an officer, employee and Employed Lawyer (as that term is defined in Endorsement No. 6 of AISLIC Policy Nos. 348-92-35 and 279-91-19) of ULLICO, Inc. ("ULLICO") and that on May 31, 2003, his employment was improperly terminated, allegedly "for cause." Carabillo avers that at all times relevant to the claims asserted against him in the underlying action to which this declaratory judgment action relates, he was acting within the scope of his duties as an officer, employee, and/or Employed Lawyer of ULLICO; therefore, Carabillo admits that he is an Insured under AISLIC Policy Number 348-92-35 and avers that he is also an Insured under AISLIC Policy Number 279-91-19. Carabillo denies all remaining allegations in paragraph 5.

7. Carabillo admits the allegations set forth in paragraph 6 of AISLIC's Counterclaim.

8. Carabillo admits the allegations set forth in paragraph 7 of AISLIC's Counterclaim.

9. In response to paragraph 8, Carabillo admits that ULLICO and three other parties asserted claims against him in an Answer and Counterclaim filed on October 17, 2003 (amended November 3, 2003). To the extent AISLIC attempts in paragraph 8 to characterize and/or limit the claims and demands made in the underlying action Counterclaim, no response is required because the language of that pleading speaks for itself. Carabillo denies any remaining allegations in paragraph 8.

10. In response to paragraph 9, Carabillo admits that the Counterclaim Plaintiffs who joined ULLICO in its Counterclaim against Carabillo in the underlying action include The Union Labor Life Insurance Company, ULLICO Inc. Non-Qualified Deferred Compensation Plan, Union Labor Life Auxiliary Retirement Benefits Plan, and Mark Singleton, but only in his alleged capacity as Plan Administrator and not in his alleged capacity as ULLICO's CFO.

11. In response to paragraph 10, Carabillo admits, on information and belief, that The Union Labor Life Insurance Company is a wholly-owned subsidiary of ULLICO. Carabillo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 and therefore denies the same.

12. Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 11 and therefore denies the same. Carabillo denies the allegations set forth in the second sentence of paragraph 11.

13. Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 12 and therefore denies the same. Carabillo denies the allegations set forth in the second sentence of paragraph 12.

14. Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of AISLIC's Counterclaim and therefore denies the same.

15. In response to paragraph 14, Carabillo admits that Policy 348-92-35 is an Insurance Company's Professional Liability Insurance Policy that provides coverage to, inter alia, ULLICO and its subsidiaries, employees, officers and directors from liability incurred for the Policy Period October 30, 2003 to October 30, 2004. Carabillo denies that the liability for which the Policy provides coverage must be incurred in connection with the provision of insurance related services and further avers that the Policy provides coverage to attorneys licensed to practice law and employed by the first named insured for the rendering or failure to render professional services as a lawyer.

16. In response to paragraph 15, Carabillo admits that Policy 348-92-35 may be referred to as a "claims made" Policy. As to any remaining allegations in paragraph 15, Carabillo asserts that no response is required because the language of the Policy speaks for itself.

17. Carabillo admits the allegations set forth in paragraph 16 of AISLIC's Counterclaim.

18. In response to paragraph 17, Carabillo admits that Policy 348-92-35 contains a Retention provision, which is defined in the Policy; however, Carabillo denies that the Retention provision applies to him. Carabillo asserts that any remaining allegations set forth in

paragraph 17 are provisions contained in the Policy to which no response is required because the language of the Policy speaks for itself.

19. In response to paragraph 18, Carabillo asserts that AISLIC sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

20. Carabillo admits the allegations set forth in paragraph 19 of AISLIC's Counterclaim. Carabillo further avers in response to paragraph 19 that the Retention provision contained in Policy 348-92-35 does not apply to him. Carabillo further avers in response to paragraph 19 that AISLIC was provided appropriate and timely notice of the claims made against Carabillo and of the demand for coverage for those claims.

21. Carabillo admits the allegations set forth in paragraph 20 of AISLIC's Counterclaim.

22. In response to paragraph 21, Carabillo asserts that AISLIC sets forth provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. Carabillo denies that the portions of the Policy quoted in paragraph 21 are relevant to this controversy.

23. In response to paragraph 22, Carabillo admits that the definition of "Insured" under Policy 348-92-35 is amended with respect to the coverage granted by Endorsement No. 6 to the Policy ("Employed Lawyers Endorsement"). Carabillo asserts that the remaining allegations set forth in paragraph 22 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

24. In response to paragraph 23, Carabillo admits that certain Insuring Agreements contained in Policy 348-92-35 provide coverage for an Insured's Professional

Liability. Carabillo asserts that the remaining allegations set forth in paragraph 23 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. Carabillo denies that the portions of the Policy quoted in paragraph 23 are relevant to this controversy.

  25. Carabillo asserts that the allegations set forth in paragraph 24 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. Carabillo denies that the portions of the Policy quoted in paragraph 24 are relevant to this controversy.

  26. Carabillo asserts that the allegations set forth in paragraph 25 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. Carabillo denies that the portions of the Policy quoted in paragraph 25 are relevant to this controversy.

  27. Carabillo asserts that the allegations set forth in paragraph 26 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

  28. Carabillo asserts that the allegations set forth in paragraph 27 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

  29. Carabillo asserts that the allegations set forth in paragraph 28 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. Carabillo denies that the portions of the Policy quoted in paragraph 28 are relevant to this controversy.

30. Carabillo asserts that the allegations set forth in paragraph 29 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

31. Carabillo asserts that the allegations set forth in paragraph 30 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

32. Carabillo admits the allegations set forth in paragraph 31 of AISLIC's Counterclaim.

33. Carabillo asserts that the allegations set forth in paragraph 32 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

34. Carabillo asserts that the allegations set forth in paragraph 33 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

35. Carabillo asserts that the allegations set forth in paragraph 34 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

36. Carabillo asserts that the allegations set forth in paragraph 35 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

37. Carabillo asserts that the allegations set forth in paragraph 36 are provisions contained in Policy 348-92-35 to which no response is required because the language

of the Policy speaks for itself. Carabillo denies that the portions of the Policy quoted in paragraph 36 are relevant to this controversy.

38. Carabillo asserts that the allegations set forth in paragraph 37 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. Carabillo denies that the portions of the Policy quoted in paragraph 37 are relevant to this controversy.

39. Carabillo asserts that the allegations set forth in paragraph 38 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. Carabillo denies that the portions of the Policy quoted in paragraph 36 are relevant to this controversy.

40. Carabillo asserts that the allegations set forth in paragraph 39 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself. Carabillo denies that the portions of the Policy quoted in paragraph 39 are relevant to this controversy and further avers that if those provisions are relevant, Exclusion q is in direct conflict with the coverage provided in Endorsement No. 6 and that the policy is therefore ambiguous and must be construed in favor of the insured.

41. Carabillo asserts that the allegations set forth in paragraph 40 are provisions contained in Policy 348-92-35 to which no response is required because the language of the Policy speaks for itself.

42. Carabillo admits, on information and belief, the allegations set forth in paragraph 41 of AISLIC's Counterclaim.

43. Carabillo admits, on information and belief, the allegations set forth in paragraph 42 of AISLIC's Counterclaim.

44. Carabillo denies the allegations set forth in paragraph 43 of AISLIC's Counterclaim.

45. In response to paragraph 44, Carabillo admits that as of November 20, 2003, he had delivered a Notice of Claim to Mr. Theodore M. Pappas of The McLaughlin Company, notifying ULLICO's insurance broker that ULLICO had filed a counterclaim against him. Carabillo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 44 and therefore denies the same. Carabillo further avers in response to paragraph 44, on information and belief, that AISLIC was provided appropriate and timely notice of the claims made against Carabillo and of the demand for coverage for those claims in connection with Policy 279-91-19.

46. Carabillo restates and reasserts his responses to paragraphs 1 through 44 as stated herein.

47. Carabillo admits the allegations set forth in paragraph 46 of AISLIC's Counterclaim.

48. Carabillo admits the allegations set forth in paragraph 47 of AISLIC's Counterclaim.

49. Carabillo admits, on information and belief, the allegations set forth in paragraph 48 of AISLIC's Counterclaim.

50. In response to paragraph 49, Carabillo admits that ULLICO Inc. Non-Qualified Deferred Compensation Plan is an employee benefits plan. Carabillo denies the remaining allegations set forth in paragraph 49 of AISLIC's Counterclaim.

51. In response to paragraph 50, Carabillo admits that Union Labor Life Auxiliary Retirement Benefits Plan is an employee benefits plan.  Carabillo denies the remaining allegations set forth in paragraph 50 of AISLIC's Counterclaim.

52. Carabillo is without knowledge or information sufficient to form a belief as to the truth of Mark Singleton's alleged capacities and therefore denies the same in partial response to paragraph 51 of AISLIC's Counterclaim.  Carabillo denies all remaining allegations set forth in paragraph 51.

53. Carabillo denies the allegations set forth in paragraph 52 of AISLIC's Counterclaim.

54. Carabillo denies the allegations set forth in paragraph 53 of AISLIC's Counterclaim.

55. Carabillo denies the allegations set forth in paragraph 54, including subparts a-c, of AISLIC's Counterclaim.

56. Carabillo denies the applicability of Exclusions (f), EPL-a), (o), (q) and EPL-c).  Carabillo admits that he claims he is entitled to both a defense and indemnity for the underlying action Counterclaim under Policy 348-92-35.

57. Carabillo denies the allegations set forth in paragraph 56 of AISLIC's Counterclaim.

58. Carabillo denies the allegations set forth in paragraph 57 of AISLIC's Counterclaim.

59. Carabillo admits the allegations set forth in paragraph 58 of AISLIC's Counterclaim.

60. Carabillo denies the allegations set forth in paragraph 59 of AISLIC's Counterclaim.

61. Carabillo restates and reasserts his responses to paragraphs 1 through 59 as stated herein.

62. Carabillo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 and therefore denies the same.

63. In response to paragraph 62, Carabillo admits that Policy 279-91-19 may be referred to as a "claims made" policy and that its originally stated policy period was October 30, 2002 to October 30, 2003. As to any remaining allegations in paragraph 62, Carabillo asserts that no response is required because the language of the Policy speaks for itself.

64. In response to paragraph 63, Carabillo admits that ULLICO's Amended Answer and Counterclaim was filed on November 3, 2003. Carabillo further avers that ULLICO's original Answer and Counterclaim was filed on October 17, 2003 and that appropriate and timely notice was given to AISLIC of the claims made against Carabillo in both of the aforementioned filings and of the demand for coverage for those claims during the policy periods of both Policy 279-91-19 and Policy 348-92-35.

65. In response to paragraph 64, Carabillo admits that his attorney provided notice of the ULLICO's Counterclaim against Carabillo to The McLaughlin Company, ULLICO's broker, by letter dated November 20, 2003. Carabillo denies all remaining allegations set forth in paragraph 64.

66. Carabillo denies the allegations set forth in paragraph 65 of AISLIC's Counterclaim.

67. Carabillo admits that he claims he is entitled to both a defense and indemnity for the underlying action Counterclaim under Policy 279-91-19. Carabillo denies all remaining allegations set forth in paragraph 66 of AISLIC's Counterclaim.

68. Carabillo admits the allegations set forth in paragraph 67 of AISLIC's Counterclaim.

69. Carabillo denies the allegations set forth in paragraph 68 of AISLIC's Counterclaim.

70. Carabillo denies that AISLIC is entitled to any of the relief requested in its "Prayer for Relief."

71. Carabillo denies each and every allegation contained in AISLIC's Counterclaim not specifically admitted herein.

72. AISLIC's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

73. AISLIC's Counterclaim must be dismissed for failure to join necessary and indispensable parties.

74. To the extent the section headings in AISLIC's Counterclaim assert any factual allegations or characterizations or legal conclusions, Carabillo denies all such allegations, characterizations, and conclusions.

WHEREFORE, Joseph A. Carabillo prays that this Court grant him the relief sought in his Complaint, including a finding and declaration that American International Specialty Lines Insurance Company must provide coverage to Carabillo under Policy Nos. 279-91-19 and 348-92-35 for the claims asserted against him in Civil Action No. 1:03CV01556, pending in the United States District Court for the District of Columbia.

Respectfully submitted,

JACKSON KELLY PLLC

_____/s/_____
Daniel C. Grove (DC Bar #066399 )
2401 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20037
Telephone:  (202) 973-0200
Facsimile:  (202) 973-0232


_____/s/_____
Jill M. Obenchain (WV Bar # 8837)
Post Office Box 553
Charleston, West Virginia 25322
(304) 340-1000

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of September, 20004, a true copy of the foregoing Answer of Plaintiff/Counterclaim Defendant Joseph A. Carabillo to the Counterclaim of Defendant/Counterclaim Plaintiff American International Specialty Lines Insurance Company was served via electronic filing to:

>Michael E. Klein, Esquire
>Patton Boggs, LLP
>2550 M Street, N.W.
>Washington, D.C. 20037

_____/s/_____
Anna I. Walter